IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES BRADBURY, )
# 33970-086, )
 )
      **Plaintiff,** )
 ) Case No. 18-cv-428-JPG
vs. )
 )
MS. BAGWELL, )
RANDALL PASS, )
P.A. CASTILLO, )
P.A. GRISWALL, )
P.A. BROOKS, and )
HEALTH SERVICES USP MARION, IL )

      **Defendants.**

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, brings this *pro se* action for alleged violations of his constitutional rights by persons acting under the color of federal authority.[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff claims Defendants exhibited deliberate indifference to his back injury and associated pain, and that Defendants have failed to treat his hernia.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

---

[1] Although Plaintiff does not articulate his claims as civil rights violations, the Complaint appears to be brought under *Bivens* because he seeks to recover damages from individual federal officials. Plaintiff used the Court's standard complaint form, which includes check-boxes for a plaintiff to indicate whether he seeks to bring a civil rights complaint or a complaint under the Federal Tort Claims Act. However, Plaintiff left this section of the form blank.

1

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

        (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

According to the Complaint, on March 8, 2016, x-rays revealed that Plaintiff is suffering from spinal compressions and that his disk space is narrowing "at multiple levels." (Doc. 1, p. 5). Plaintiff claims that he has attempted to receive necessary treatment for his back injury, including pain medication, a back brace, and a "proper" mattress, to no avail. *Id.* Plaintiff claims that when he is examined by medical personnel, he reports that his pain level is at a 9.

Nonetheless, "they" refuse to treat him, saying his pain is "unspecified." *Id.* Plaintiff also claims that "they" know he has an untreated hernia, but have failed to treat it. *Id.*

## Dismissal of Improper Defendant

Plaintiff has named the Health Services Division of USP Marion as a defendant. This Defendant, a division of a federal agency, is not a proper defendant in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994) (federal agencies are not subject to suit for damages under *Bivens*). Accordingly, Health Services USP Marion, IL shall be dismissed from the action with prejudice.

## Discussion

Plaintiff's allegations suggest that he is attempting to assert one or more Eighth Amendment claims for deliberate indifference to a serious medical need. Unfortunately, however, Plaintiff does not provide enough information to allow the Court to determine who was personally involved in the alleged constitutional violation or violations. Indeed, none of the Defendants are even mentioned in the body of the Complaint.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S .C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir.1992). Section 1983 does not create collective or vicarious responsibility. *Id*.

If Plaintiff wants to pursue a claim or claims regarding inadequate medical care, he must file an amended complaint. The amended complaint should identify who denied Plaintiff medical care and/or who provided Plaintiff with inadequate treatment. For instance, if a specific

3

physician or physician's assistant examined Plaintiff and failed to treat his injuries or pain, Plaintiff should explain, in the body of the amended complaint, what that individual did or failed to do. Allegations about staff or employees are insufficient. It is also insufficient to allege that "they" denied Plaintiff medical care. In his amended complaint, if known, Plaintiff should identify these individuals by name and describe how they were involved in his medical treatment. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation, e.g., John Doe. Finally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption *and* should be referenced in the body of the amended complaint. That is, Plaintiff's statement of claim must explain how each defendant was personally involved in denying Plaintiff medical care. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a defendant in the caption is insufficient to state a claim); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

### **Injunctive Relief**

In addition to monetary damages, Plaintiff seeks "adequate treatment for all conditions and the associated pain." This appears to be a request for injunctive relief at the close of the case. However, given Plaintiff's claims pertaining to ongoing and untreated injuries (spinal compression and a hernia), Plaintiff may be in need of more immediate relief. If Plaintiff needs medical care during the pendency of this action or wishes to seek some other type of interim relief, he should file a motion for a TRO or a preliminary injunction pursuant to Rule 65(a) or (b)

indicating the exact form of relief he seeks, the reasons why he seeks said relief, and the factual allegations supporting his request. He may do so at any time during the pending action.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **HEALTH SERVICES USP MARION, IL** is **DISMISSED** from the action with prejudice. The Clerk of the Court shall terminate this entity as a party in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 1, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e.* 18-cv-428-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint.

Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: April 3, 2018

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**